*DELERY* vs. *BUNLE'S UNDER-TUTOR.*

APPAL from the curt of the second district.

East'n District.
*July*, 1823.

DELERY
*vs.*
BUNLE, &c.

A party to a sale, cannot prove its simulation by *parole.*

MARTIN, J. delivered the opinion of the court. The object of this suit is the rescission of the sale of certain slaves, made to the plaintiff by the minor's father, and the consequent cancelling of the note, given by the vendee for the price, on the ground of simulation. The under-tutor is sued, because the plaintiff is himself the minor's tutor. The plea was the general issue ; the judgment was for the defendant; and the plaintiff appealed.

The statement of facts shews strong evidence of the simulation.

The district court's attention was first arrested on the question "can parol evidence be received to prove simulation in a sale?" It declared that, from the decision of this court, it had no doubt in deciding the question in the affirmative, the doctrine being laid down in the case of *Crozet's heirs* vs. *Gaudet*, 6 *Martin*, 524, and the appellant's counsel has referred us to that of *Griffin's Exr.* vs. *Lopez*, 5 *id.* 145.

It is clear that the question, as put by the

judge, could not have been answered in the negative.

The case of *Crozet's heirs* vs. *Gaudet* differs widely from this. There the plaintiffs sought relief against a simulated sale, made in fraud of their rights. They were permitted to prove the simulation by witnesses, as it could not be imputed to them that no counter-letter was taken.

In the case of the executors of Griffin, a counter-letter had been taken, and on proof of its destruction, parol evidence of its contents was admitted.

In the first case, parol evidence was given by persons, who were not parties to the sale alleged to be simulated. Here, in the one under consideration, the person who offered the parol proof was a party to the sale, and might have armed himself with a counter letter.

In the second case, the parol proof was restrained to the contents of the counter letter. Here, it is introduced to prove facts, the existence of which was never put to writing.

We conclude that the district court erred, in receiving as legal evidence of the simulation of a written sale, parol evidence offered by the

vendee, in whose power it was to have armed
himself with a counter-letter.

This conclusion renders it unnecessary to examine the other questions in the case. The district court, however, came to the same re-sult to which our view of the case leads us.

It is, therefore, ordered, adjudged and de-creed, that the judgment be affirmed with costs.

*Moreau & Dumoulin* for the plaintiff, *Desb-lieux* for the defendant.